# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LEON STAMBLER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:08cv462 |
| § | **JURY TRIAL DEMANDED** |
| MERRILL LYNCH & CO., INC; § | |
| MERRILL LYNCH, PIERCE, FENNER & § | |
| SMITH INCORPORATED; THE CHARLES § | |
| SCHWAB CORPORATION; CHARLES § | |
| SCHWAB & CO, INC.; CHARLES § | |
| SCHWAB BANK; E*TRADE FINANCIAL § | |
| CORPORATION; E*TRADE BANK; § | |
| FIDELITY BROKERAGE SERVICES, LLC; § | |
| NATIONAL FINANCIAL SERVICES, LLC; § | |
| FMR LLC; MORGAN STANLEY; § | |
| MORGAN STANLEY & CO. § | |
| INCORPORATED; JACK HENRY & § | |
| ASSOCIATES, INC.; METAVANTE § | |
| TECHNOLOGIES, INC.; METAVANTE § | |
| CORPORATION; PAYPAL, INC.; § | |
| AMERICAN EXPRESS COMPANY; § | |
| AMERICAN BANK OF COMMERCE; § | |
| BB&T CORPORATION; BRANCH § | |
| BANKING AND TRUST COMPANY; THE § | |
| COLONIAL BANCGROUP, INC.; § | |
| COLONIAL BANK; FIRST NATIONAL § | |
| BANK GROUP, INC.; FIRST NATIONAL § | |
| BANK; HSBC NORTH AMERICA § | |
| HOLDINGS INC.; HSBC USA INC.; HSBC § | |
| BANK USA, NATIONAL ASSOCIATION; § | |
| HSBC NATIONAL BANK USA; § | |
| LEGACYTEXAS GROUP, INC.; § | |
| LEGACYTEXAS BANK; THE PNC § | |
| FINANCIAL SERVICES GROUP, INC.; § | |
| PNC BANK, NATIONAL ASSOCIATION; § | |
| PNC BANK, DELAWARE; PROSPERITY § | |
| BANCSHARES, INC.; PROSPERITY § | |
| BANK; STERLING BANCSHARES, INC.; § | |
| STERLING BANK; SUNTRUST BANKS, § | |
| INC.; SUNTRUST BANK; TEXAS § | |
| CAPITAL BANCSHARES, INC.; TEXAS § | |
| CAPITAL BANK, NATIONAL § | |

DA-2144020 v1 1282200-00041

| | |
|---|---|
| ASSIGNATION; U.S. BANCORP; U.S. BANK NATIONAL ASSOCIATION; ZIONS BANCORPORATION; ZIONS FIRST NATIONAL BANK; and AMEGY BANK NATIONAL ASSOCIATION | § § § § § § § § |
| Defendants. | |

**DEFENDANTS TEXAS CAPITAL BANCSHARES, INC. AND TEXAS CAPITAL BANK, NATIONAL ASSOCIATION'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF LEON STAMBLER'S ORIGINAL COMPLAINT**

Defendants Texas Capital Bancshares, Inc. and Texas Capital Bank, National Association (collectively "TCB"), for their Answer and Counterclaims to the Complaint for Patent Infringement ("Complaint") of Leon Stambler ("Stambler"), in this action state as set forth below. The paragraphs below correspond to the paragraphs with the same number in the Complaint.

## I. THE PARTIES

1. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

2. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

3. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

4. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

5. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

6. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

7. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

8. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

9. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

10. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

11. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

12. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the

same.

13. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

14. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

15. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

16. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

17. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

18. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

19. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

20. TCB is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

21. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

22. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

23. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

24. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

25. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

26. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

27. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

28.     TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

29.     TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

30.     TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

31.     TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

32.     TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

33.     TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

34.     TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

35.     TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the

same.

36. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

37. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

38. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

39. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

40. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

41. Admit.

42. Admit.

43. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

44. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the

same.

45. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

46. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

47. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

## II. JURISDICTION AND VENUE

48. TCB admits that the Complaint purports to be an action that arises under the patent laws of the United States. TCB admits that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) to adjudicate actions arising under the patent laws of the United States. TCB denies it has committed any act that would give rise to any cause of action asserted in the Complaint.

49. Solely with respect to TCB and for the purpose of this action and the counterclaims set forth herein, and without waiving any defense of lack of personal jurisdiction or improper venue in connection with any other cause of action or claim, TCB does not contest the Court's personal jurisdiction over TCB in this action. TCB denies that it has committed any act that would give rise to any cause of action asserted in the Complaint. As to the other defendants, TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, denies the same.

### III. PATENT INFRINGEMENT

50. TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

51. TCB denies the allegations of this paragraph of the complaint as they relate to TCB. As to the other defendants, TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

52. TCB denies the allegations of this paragraph of the complaint as they relate to TCB. As to the other defendants, TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

53. TCB denies the allegations of this paragraph of the complaint as they relate to TCB. As to the other defendants, TCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and, accordingly, denies the same.

### IV. JURY DEMAND

TCB hereby requests a trial by jury for all issues so triable.

### V. PRAYER FOR RELIEF

TCB denies that Stambler is entitled to the prayed for relief.

TCB denies all other allegations not otherwise admitted.

### VI. AFFIRMATIVE DEFENSES

#### First Defense: Collateral Estoppel

54. Stambler is collaterally estopped from asserting U.S. Patent No. 5,793,302 (the

"'302 patent") and U.S. Patent No. 5,974,148 (the "'148 patent") against TCB.

### Second Defense: Non-Infringement

55. TCB has not infringed and does not infringe, directly, indirectly, or under the doctrine of equivalents, willfully or otherwise, any valid claim of the '302 patent or the '148 patent.

### Third Defense: Invalidity

56. The '302 patent and the '148 patent are invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Defense: Prosecution History Estoppel

57. Stambler is precluded under the doctrine of prosecution history disclaimer and/or estoppel from asserting any construction of any of the claims, whether under the doctrine of equivalents or otherwise, of the '302 and '148 patents to cover any product or service manufactured, sold, or offered for sale by TCB.

### Fifth Defense: Laches, Waiver, and Estoppel

58. The '302 and '148 patents are unenforceable under the doctrine of laches, waiver, and estoppel.

### Sixth Defense: Failure to Mark

59. Prior to receiving a copy of the complaint in this action, TCB had neither actual nor constructive notice of Stambler's allegations of infringement. Upon information and belief, neither Stambler or Stambler's licensees marked devices that embody any of the purported claims of the '302 or '148 patents with proper notice of such patents, as required by 35 U.S.C. § 287. Stambler is not entitled to any pre-filing damages pursuant to that provision.

### Seventh Defense: Unavailability of Injunctive Relief

60. Claims by Stambler for preliminary injunctive relief are barred as a matter of law because Stambler has an adequate remedy at law for any claims included in this Complaint on which Stambler may ultimately prevail.

### Eighth Defense: Absolute and Equitable Intervening Rights

61. Pursuant to 35 U.S.C. § 41, damages are unavailable for any alleged infringement of the '302 patent that took place between August 11, 2006 and August 8, 2008.

62. Pursuant to 35 U.S.C. § 41, damages are unavailable for any alleged infringement of the '148 patent that took place between October 27, 2007 and July 11, 2008.

### VII. COUNTERCLAIMS

63. For its counterclaims against Stambler, TCB alleges as follows:

64. TCB incorporates what is set out in the preceding paragraphs as if fully set forth herein.

65. The Complaint has established an actual and justiciable controversy between TCB and Stambler with respect to the validity, enforceability, and infringement, or lack thereof, of the '302 and '148 patents.

66. Jurisdiction over the subject matter of the controversy, personal jurisdiction over Stambler, and venue are co-extensive with the Complaint.

### COUNT ONE

### (Declaratory Judgment of Non-Infringement of the Patents-in-Suit)

67. TCB incorporates Paragraphs 63-66 of these Counterclaims as if fully set forth herein.

68. Stambler alleges that TCB infringes the '302 and '148 patents.

69. Stambler alleges that TCB's infringement was willful.

70. TCB has not infringed and does not infringe, directly or indirectly, willfully or otherwise, any valid claim or claims of the '302 or '148 patents.

## COUNT TWO

### (Declaratory Judgment of Invalidity of the Patents-in-Suit)

71. TCB incorporates Paragraphs 63-70 of these Counterclaims as is fully set forth herein.

72. The '302 and '148 patents are invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

## COUNT THREE

### (Declaratory Judgment of Unenforceability of the Patents-in-Suit)

73. TCB incorporates Paragraphs 63-72 of these Counterclaims as is fully set forth herein.

74. The '302 and '148 patents are unenforceable under the doctrine of laches, waiver, estoppel, and unclean hands.

## VIII. PRAYER FOR RELIEF

WHEREFORE, TCB respectfully prays for judgment against Stambler as follows:

1. Dismissing with prejudice the Complaint against TCB;

2. Declaring that TCB does not infringe, contributorily infringe, or induce infringement of any claim of the '302 or '148 patents;

3. Declaring that the '302 and '148 patents are invalid, unenforceable, and/or void;

4. Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding to TCB its attorneys' fees;

5. Awarding to TCB its costs and disbursements of this action; and

6. Awarding such other and further relief as this Court may deem just and proper.

**TCB DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**.

DATED: February 2, 2009

                                          Respectfully submitted,

                                              */s/Benjamin J. Setnick*

                                          John H. McDowell, Jr.
                                          ***Lead Attorney***
                                          Texas State Bar No. 13570825
                                          Benjamin J. Setnick
                                          Texas State Bar No. 24058820
                                          E-mail: ben.setnick@klgates.com
                                          **K&L Gates LLP**
                                          1717 Main Street
                                          Suite 2800
                                          Dallas, Texas 75201
                                          Telephone: (214) 939-5500
                                          Fax: (214) 939-6849

                                          Minh-Hien Nguyen
                                          Texas State Bar No. 00795293
                                          Email: minh-hien.nguyen@klgates.com
                                          **K&L Gates LLP**
                                          600 Congress Ave., Ste. 900
                                          Austin, Texas 78701
                                          Phone: (512) 482-6811
                                          Fax: (512) 482-6859


                                          **ATTORNEYS FOR DEFENDANTS TEXAS CAPITAL BANCSHARES, INC. AND TEXAS CAPITAL BANK, NATIONAL ASSOCIATION**

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of the foregoing has been served upon counsel of record through the Court's CM/ECF system on this 2nd day of February 2009.


                                              */s/ Benjamin J. Setnick*
                                              Benjamin J. Setnick